**Alma HERNANDEZ, Plaintiff,**

v.

**CITY OF HARTFORD, Defendant.**

**No. CIV. 3:95CV01517 (PCD).**

United States District Court,
D. Connecticut.

Sept. 23, 1998.

---

Barbara E. Gardner, Hartford, CT, for Plaintiff.

Helen Apostolidis, Karen Kirsten Buffkin, Corporation Counsel's Office, Hartford, CT, for Defendant.

### RULING ON DEFENDANT'S MOTION FOR JUDGMENT

DORSEY, District Judge.

Defendant moves for Judgment as a Matter of Law pursuant to FED. R. CIV. P. 50 based on municipal immunity from suits for damages alleging "negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law," under CONN. · GEN. STAT. § 52–557n(a)(2)(B) and the doctrine of governmental immunity. Additionally, defendant claims that plaintiff's failure to file a written notice of intent to sue as required by CONN. GEN. STAT. § 7–465(a) and CONN. GEN. STAT. § 7–101a deprives the court of subject matter jurisdiction over her claim of negligent infliction of emotional distress.

## I. BACKGROUND

Plaintiff, in three counts, claims violation of the Americans with Disabilities Act (ADA), violation of the Rehabilitation Act, and negligent infliction of emotional distress due to defendant's failure to accommodate her request to work at home as recommended by her doctor for her complicated pregnancy.

After trial, the jury returned a verdict for defendant on the ADA and Rehabilitation Act claims and a verdict for plaintiff on her claim of negligent infliction of emotional distress, awarding her $20,000. Judgment for plaintiff entered on November 17, 1997.

## II. DISCUSSION

### A. Standard of Review

FED. R. CIV.P. 50(a)(1) provides: "If during a trial by jury a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue, the court may determine the issue against that party and may grant a motion for judgment as a matter of law against that party with respect to a claim or defense that cannot under the controlling law be maintained or defeated without a favorable finding on that issue." FED. R. CIV.P. 50(a)(1). A district court may grant a motion for judgment as a matter of law only if there exists " 'such complete absence of evidence supporting the verdict that the jury's findings could only have been the result of sheer surmise and conjecture,' or the evidence in favor of the movant is so overwhelming 'that reasonable and fair minded [persons] could not arrive at a verdict against [it].' " Luciano v. The Olsten Corporation, 110 F.3d 210, 214 (2d Cir. 1997) (quoting Cruz v. Local Union No. 3, 34 F.3d 1148, 1154 (2d Cir.1994)). The trial court must view the evidence in the light most favorable to the non-moving party, who must be given the benefit of all reasonable inferences that the jury might have drawn in her favor. Smith v. Lightning Bolt Productions, Inc., 861 F.2d 363, 367 (2d Cir.1988); Samuels v. Air Transport Local 504, 992 F.2d 12, 14 (2d Cir.1993).

As a preliminary matter, plaintiff argues that defendant has waived its right to raise the defenses of municipal immunity and lack of subject matter jurisdiction because they were not pled as special defenses. FED. R. CIV.P. 8(c). "In determining whether general, non-specific language in the defendant's answer suffices to preserve an affirmative defense, an inquiring court must examine the totality of the circumstances and make a practical, commonsense assessment about whether Rule 8(c)'s core purpose—to act as safeguard against surprise and unfair preju-

dice has been vindicated." *Williams v. Ashland Engineering Co., Inc.*, 45 F.3d 588, 593 (1st Cir.1995).

■ Defendant's answer did not specifically raise the challenged defenses. The answer generally asserted the court's lack of jurisdiction over plaintiff's state law claims and the failure of the complaint to state a claim upon which relief could be granted as special defenses. Defendant raised the immunity issue in its Trial Preparation Memorandum dated May 19, 1997, almost four months before trial. Furthermore, defendant raised these same issues, which were fully briefed by both parties, in its Motion in Limine dated July 31, 1997, which was denied without prejudice. Plaintiff had notice of these defenses and fully responded to them, and thus cannot claim surprise or that defendant's failure to raise them in strict compliance with FED. R. CIV.P. 8(c) results in their waiver.

**B.** *Governmental liability for negligent acts*

The jury found that defendant had negligently inflicted emotional distress on plaintiff based on its denying her request for reasonable accommodation. Defendant claims that this verdict cannot stand as a matter of law due to governmental immunity.

> Except as otherwise provided by law, a political subdivision of the state shall be liable for damages to person or property caused by: (A) The negligent acts or omissions of such political subdivision or any employee, officer or agent thereof acting within the scope of his employment or official duties; ... (2) Except as otherwise provided by law, a political subdivision shall not be liable for damages to person or property caused by: ... (B) negligent acts or omissions which require the exercise of judgment or discretion as an official function of the authority expressly or impliedly granted by law.

CONN. GEN. STAT. § 52–557n (a)(2)(B).

"[T]he public duty doctrine provides the starting point of the analysis" in resolving the question of municipal liability. *Gordon v. Bridgeport Housing Authority*, 208 Conn. 161, 544 A.2d 1185, 1190 (Conn.1988) (citing *Shore v. Stonington*, 187 Conn. 147, 444 A.2d 1379, 1381–83 (Conn.1982)). Before reaching the question of whether a duty is public or private for purposes of municipal liability, however, the *Shore* court instructs that "[i]t is important to distinguish between the existence of a duty and the violation of that duty." 444 A.2d at 1381. This determination is a question of law. *Id.*

**1. Duty**

■ Negligent infliction of emotional distress is a form of negligence and thus the general tort principles supporting negligence claims apply. *Doe v. Cuomo*, 43 Conn.Supp. 222, 649 A.2d 266, 269 (Conn.Super.1994). Negligence is defined as a breach of duty and the law does not recognize a "duty in the air." *Id.* (internal citations and quotations omitted). In order to sustain plaintiff's claim, the court must determine whether the defendant owed a duty to the plaintiff and the applicable standard of care. *Shore*, 444 A.2d at 1381 (internal citations omitted); *Gordon*, 544 A.2d at 1191. If there is no legal duty between the person alleging the injury and the defendant, there can be no actionable negligence. *Doe*, 649 A.2d at 269. "Only if such a duty is found to exist does the trier of fact then determine whether the defendant violated that duty in the particular situation at hand." *Gordon*, 544 A.2d at 1191.

■ A negligence action against a local governmental entity cannot be predicated on the breach of a general duty owed to the public. *Sestito v. Groton*, 178 Conn. 520, 527, 423 A.2d 165 (1979). To sustain an action that a municipal department's general duty becomes "a special one to prevent harm to an individual, the law requires ... a showing of harm to an identifiable victim." *Shore*, 444 A.2d at 1383 (internal citations omitted). This special duty arises only in situations "where it would be apparent to the public officer that his failure to act would be likely to subject an identifiable person to imminent harm." *Id.* at 1382. Statutes and contracts may create a duty. *Doe*, 649 A.2d at 272. Alternatively, where no statute or contract exists, the test to determine the existence of

a duty to use care in a particular case is whether the ordinary person in defendant's position, knowing what she knew or reasonably should have known, would anticipate that harm of the general nature of that suffered was likely to result? *Id.* at 269 (internal citation omitted).

Applying these standards, Connecticut courts have found no special duty on the part of a police officer towards plaintiff's decedent, who was killed in a collision with an intoxicated driver who had been stopped by the officer 50 minutes earlier, *Shore,* 187 Conn. 147, 444 A.2d 1379, nor in *Gordon,* where defendants' duty to provide police protection at a housing project did not foreseeably extend to plaintiff's brother, who was brutally beaten while visiting her at the project. 208 Conn. 161, 544 A.2d 1185.

In her Complaint and Trial Preparation Memorandum, the only duty plaintiff ascribes to defendant is its duty to provide a reasonable accommodation for her disability under the Rehabilitation Act and the ADA. Defendant argues that any duty owed by the defendant in regards to her negligent infliction claim was a public duty, for the defendant owed no specific duty to plaintiff. Supplemental Memorandum of Law in Support of Defendant's Motion for Judgment at 3. Plaintiff cannot claim any duty or negligence flowing from defendant to plaintiff solely based on defendant's denial of her request for a reasonable accommodation [1], since, by their verdict for defendant on the Rehabilitation Act and the ADA claims, since the jury did not find that defendant had a clear duty to treat plaintiff as disabled or entitled to a reasonable accommodation. Defendant's duty, if any, must be found elsewhere.

### 2. Foreseeability / special relationship between parties

Where a duty is not established through a statute or contract, its existence depends upon whether a reasonable person, based on the available facts, would anticipate that the specific harm alleged was likely to result

from his act or failure to act. *Coburn v. Lenox Homes, Inc.,* 186 Conn. 370, 441 A.2d 620 (1982). Thus, a duty essentially rests on foreseeability. PROSSER AND KEETON, TORTS § 53 (5th ed.1984).

Foreseeability of harm and an attendant standard of care are most often found where there is a special relationship between the defendant and the plaintiff. Id. at 357–358. Thus, a duty is recognized and a standard of care imposed on a hotel owner to his guest or a doctor to his patient. Id at § 32. A doctor who is relied on to provide medical care is expected to be competent in his provision of care and not injure his patient. Id. A hotel owner who provides accommodations to travelers would foresee that if he failed to fix a broken stairway in his lobby, one of his guests may be injured due to the failure. The unique relationship of the parties—the need for services by one party and the ability to provide the services by the other—results in standards of how they should reasonably behave towards each other within this relationship.

Thus, in *Doe v. Cuomo,* an implied contract in law was found between plaintiff parents who had entrusted defendant with their minor daughter. 649 A.2d at 272–74 (allowing parents' negligent infliction of emotional distress claim based on defendant's assault of child who was staying with him). Even though there was no express understanding between the parties, the court held that one entrusted with the care of a child had an implied in law duty not to assault the child. But even where a duty has been found to exist, such as in the hospital—patient relationship, there are still limits to what kind of acts and harm are encompassed within that duty. A jury verdict finding a hospital and its administrator liable for negligent infliction of emotional distress due to the hospital's failure to have procedures for withdrawing a life support system from a brain dead patient at his family's request was reversed. *Strachan v. John F. Kennedy Memorial Hosp.,* 209 N.J.Super. 300, 507 A.2d 718, 726

---

**1.** Plaintiff's Request for Form of Verdict and Jury Interrogatories included in its trial preparation memorandum states, "5. Was Defendant negligent in delaying its response to *and/or* in denying Plaintiff's request for a reasonable accommodation resulting in emotional distress to Plaintiff?" (emphasis added)

(N.J.Super.1986). Before recovery could be had, a duty must have existed and a failure in that duty must have been proved. Existing law mandated that the hospital had no duty to provide consent forms or to have a procedure for the withdrawal of life support. *Id.*

■ Putting aside defendant's argument that any duty owed to plaintiff was a public duty, it is useful to take this claim out of the context of municipal liability in order to examine what the common law has recognized as foreseeable emotional harm for which an employer can be found negligent towards its employee. Specifically focusing on negligent infliction of emotional distress, courts have viewed "this application of the doctrine ... to employment relationships with some alarm. On the job, emotional distress is not an uncommon occurrence." *Malik v. Carrier Corp.*, 986 F.Supp. 86, 91 (D.Conn.1997). Thus, courts have been concerned over the expansion of this claim in the employment area. *Id.* at 93. Connecticut courts have kept a tight rein on these claims by holding that even an employer's wrongful employment actions are not enough to sustain a claim for negligent infliction of emotional distress. *Hill v. Pinkerton Sec. & Investigation Services*, 977 F.Supp. 148, 159 (D.Conn. 1997) (citing *Parsons v. Sikorsky Aircraft Div.*, No. 280394, 1996 WL 176378, *9 (Conn.Super. Mar.1, 1996)). In the context of wrongful termination, the termination must be accompanied by unreasonable conduct in the manner of termination to support a claim for negligent infliction of emotional distress. *Parsons v. United Technologies Corp.*, 243 Conn. 66, 700 A.2d 655 (Conn. 1997). Indeed, some courts have interpreted this warning against finding liability solely on the act of termination itself as indicating that negligent infliction of emotional distress claims in the employment context "must still be limited to cases involving employment termination." *Malik*, 986 F.Supp. at 92 (citing *Parsons*, 243 Conn. 66, 700 A.2d 655).

It has been held not clearly unreasonable for an employer to remove a discharged employee from its property under a security escort. *Parsons*, 700 A.2d at 667. An employer's failure to comply with performance evaluation procedures and then terminating the employee, which resulted in revocation of employee's visa, was not found to amount to negligent infliction of emotional distress. *Collins v. Gulf Oil Corp.*, 605 F.Supp. 1519 (D.Conn.1985). Nor was there a supportable claim where defendant intentionally made inappropriate comments to a black female employee about her race, marital status and gender. *Thomas v. St. Francis Hosp. and Medical Center*, 990 F.Supp. 81, 92 (D.Conn. 1998). Finally, in *Hill v. Pinkerton*, where the employee was not satisfied with the way in which her employer investigated her compensation complaint, such routine employment occurrences as plaintiff experienced were not so unreasonable that the defendant knew or should have known that its conduct involved an unreasonable risk of causing emotional distress that might result in illness or bodily harm. 977 F.Supp. 148, 159 (D.Conn.1997).[2]

■ Here, plaintiff's negligent infliction claim rested entirely on defendant's conduct in denying her request for reasonable accommodation. Plaintiff presented evidence that on or about May 9, 1995 she presented her supervisor with her doctor's note recommending that she work at home as much as possible to avoid another episode of premature labor. The next day, plaintiff was informed by her supervisor that the Health Director had initially denied the request, but had asked for further information. Almost daily for the following month, plaintiff asked whether the Health Director had made a decision on her request. Plaintiff was notified in writing on June 6th that her request had not been approved.

Viewing these facts in the light most favorable to plaintiff, there was no legally sufficient evidentiary basis for a reasonable jury to find that defendant had any specific duty to plaintiff governing its process of dealing with her request for accommodation, which it

---

**2.** *But see, Malik,* 986 F.Supp. at 93–94, where the court "with grave reservations" upheld the jury verdict of negligent infliction of emotional distress in case where employer conducted an extended investigation of sexual harassment claim against plaintiff even though complainant did not wish to proceed further, and even though plaintiff had been transferred to another office.

breached. In other words, it was not reasonable for defendant to foresee that its handling of a personnel matter such as this—even if the jury found that defendant acted badly in its denial—would involve an unreasonable risk of causing mental distress to plaintiff that might result in serious illness or bodily harm.

Defendant's behavior was not unreasonable as a matter of law.

Since the jury verdict for plaintiff on negligent infliction of emotional distress will be vacated on this basis, defendant's other arguments need not be reached.

## III. CONCLUSION

Based on the foregoing discussion, defendant's Motion for Judgement as a Matter of Law (doc. 73) is granted.

SO ORDERED.